IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY CHRISTOFALOS, | ) | |
| | ) | |
| Appellant, | ) | No. 15 C 10832 |
| | ) | |
| v. | ) | Appeal from the Northern District |
| | ) | of Illinois Bankruptcy Court |
| J. LAURENCE KIENLEN, | ) | there heard as Case No. 14 A 337 |
| | ) | and 13 B 47319 |
| Appellee. | ) | |

# **OPINION AND ORDER**

This is an appeal from an adversary proceeding in bankruptcy. J. Laurence Kienlen, a creditor of debtor Danny Christofalos, brought the adversary proceeding contending *inter alia* that debtor should be denied a discharge because of misrepresentations and omissions in debtor's schedules and statement of financial affairs. Pursuant to 11 U.S.C. § 727(a)(4)(A), the bankruptcy court denied a discharge. Debtor, the adversary-defendant, appeals.

The bankruptcy court found that debtor (a) falsely stated that he had not issued a financial statement within 2 years of filing the bankruptcy petition, failing to list a financial statement he issued to Plaza Bank 18 months prior to the bankruptcy petition; (b) falsely stated his real estate in Mundelein, Illinois had a

value of $650,000 even though the court found that it was valued at $1,200,000 as debtor had stated in the undisclosed financial statement; (c) falsely stated he had no executory contracts or unexpired leases even though he had a lease that brought in $3,500 a month in rent and further failed to include in listed income $49,000 in rent that he collected during the pendency of the bankruptcy; (d) falsely stated he had no interest in real estate located in Gurnee, Illinois; (e) failed to disclose his ownership of a Jeep Wrangler automobile; (f) falsely stated he had no contingent or unliquidated claims even though he had a pending lawsuit against persons named Grcic; and (g) falsely failed to disclose his ownership of real property in Santa Rosa, Florida. The bankruptcy court found these statements or omissions were made with an "intent to deceive."

> The evidence easily demonstrated Christofalos' fraudulent intent. Christofalos grossly understated the value of the Maple Avenue property when his own financial statement showed the value was double the amount he listed in his schedules. He failed to disclose a valuable lease of the property as well as the rent he admitted receiving under the lease. . . . Christofalos failed to disclose his interest in the Santa Rosa property, falsely represented that the property had been transferred to his lawyer, and after he amended his statement of financial affairs to delete the transfer failed to amend his Schedule A to disclose the property. Christofalos falsely claimed he had no interest in the Gurnee property, property he admitted owning since 1997. He failed to

disclose both the Jeep Wrangler, the car he drives, as well as the Grcic claim.

      One or two small errors in a debtor's schedules and statement of financial affairs will not usually be enough to deny him his discharge. Section 727(a)(4)(A) is not concerned with "minor errors." ***[In re] Watkins***, 474 B.R. [625,] 639 [(Bankr. N.D. Ind. 2012)]. But a larger number will be viewed collectively and will warrant denial of discharge, even though separately none would be sufficient. ***Community Bank of Homewood-Flossmoor v. Bailey (In re Bailey)***, 145 B.R. 919, 929 (Bankr. N.D. Ill. 1992) (considering the falsehoods "collectively" and judging their "cumulative effect"). "[T]here comes a point when the aggregate errors and omissions cross the line." ***[In re] Bostrom***, 286 B.R. [352,] 360 [(Bankr. N.D. Ill. 2002)]; *see also* ***Dilbay v. Demir (In re Demir)***, 500 B.R. 913, 920 (Bankr. N.D. Ill. 2013). That line has plainly been crossed here. The misrepresentations and omissions here were not minor, and there were not just one or two. There were many, and they were major. Taken as a whole, the misrepresentations and omissions show that Christofalos could not have cared less whether his schedules and statement of financial affairs were accurate.

Nov. 23, 2015 Tr. at 11-13.

The burden was on Kienlen to prove by a preponderance of the evidence the required elements of § 727(a)(4)(A). ***Stamat v. Neary***, 635 F.3d 974, 978 (7th Cir. 2011). Those elements are: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related

materially to the bankruptcy case." *Id.* Debtor expressly states "there are no factual disputes in this appeal" and that he is raising a purely legal issue. Appellant Br. [ECF 12] at 3. However, debtor actually makes two contentions: (1) fraudulent intent is not adequately shown and (2) the misstatements made were not material.

The fraudulent intent determination is a question of fact subject to clearly erroneous review. ***Williamson v. Fireman's Fund Ins. Co.***, 828 F.2d 249, 251 (4th Cir. 1987). The finding of fraudulent intent is well supported. That finding will not be overturned.

As to materiality, debtor's contention is that any "errors" he made "were completely inconsequential and immaterial, in that, there was no benefit to Christofalos and no detrimental affects [sic] on any creditor, regardless of whether or not the errors were discovered." Appellant Br. [ECF 12] at 3. Regardless of whether materiality is a factual or legal question, or a mixed question of law and fact, debtor's contention is not supported by the case law. The Seventh Circuit has held:

> [A] fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." ***Retz v. Samson, et al.***

> *(In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010) (internal quotations and citations omitted); *see also [In re] Costello*, 299 B.R. [882,] 900 [(Bankr. N.D. Ill. 2003)]. "In determining whether or not an omission is material, the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors." *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) (quoting 4 **Collier on Bankruptcy**, ¶ 727.04[1], at 727–59). Other courts have held that the debtor "may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious." *Id.* (quoting *In re Chalik*, 748 F.2d 616, 618 (11th Cir.1984)). In other contexts, we have stated that the "successful functioning of the Bankruptcy Code hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 496 (7th Cir. 2007) (quoting *In re Mascolo*, 505 F.2d 274, 278 (1st Cir.1974)). Given that the omitted interests relate to the Stamats' estate and assets, we cannot find that the Stamats' omissions were immaterial.

*Stamat*, 635 F.3d at 982-83.

Here, debtor's misrepresentations concerned assets in the bankruptcy estate. There were a large number of misrepresentations and the values were not small. The bankruptcy court's determination as to materiality is not in error.

The bankruptcy court's denial of discharge will be upheld.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of appellee J. Laurence Kienlen and against appellant Danny Christofalos affirming the bankruptcy court's denial of a discharge.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 14, 2016